REQUESTED BY: Senator Elroy Hefner Member of the Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Hefner:
You have asked whether sections 1 and 2 of LB 206 are constitutional when expenses are to be paid to members of the Legislature while the Legislature is in session, and whether sections 1 and 2 of LB 206 are constitutional in authorizing the payment of expenses while the Legislature is not in session. You further ask for the distinction if they are constitutional in one respect and unconstitutional in the other respect. We refer you to our opinion to Senator Chambers of this session, Opinion No. 17, February 6, 1981, a copy of which is attached hereto.
In that opinion, you will note in our last paragraph we stated, `We therefore reaffirm our previous opinions which have stated that it is unconstitutional for members of the Legislature to receive payment for their expenses incurred during legislative sessions except as those payments are in accordance with Article III, Section 7, of the Constitution.' Further, in our opinion to Senator Chambers, we referred to certain other prior opinions of this office.
Those are opinion numbers 60 and 63 Report of the Attorney General in 1959-1960, opinion numbers 60, 164 and 178, Report of the Attorney General 1977-1978. Copies of each of those opinions have been attached to your letter.
Those opinions set forth the basis for the distinction for the payment of expenses of Legislators when the Legislature is not in session vis-a-vis when the Legislature is in session. We trust that these references will answer your question that LB 206 is indeed unconstitutional insofar as it authorizes the payment of legislative expenses other than those authorized by the Constitution while the Legislature is in session. We further believe that these opinions set forth the basis for the distinction which has been followed for many years with respect to expenses which are paid to Legislators in performing their legislative duties while the Legislature is not in session.
Very truly yours, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General